[Cite as *State v. Estes*, 2013-Ohio-1728.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                    :

    Plaintiff-Appellee,                    :              CASE NO.   CA2011-12-235

                                                 :                   O P I N I O N
    - vs -                                                             4/29/2013

                                                 :

TIMOTHY A. ESTES,                         :

    Defendant-Appellant.              :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2011-06-0910, CR2011-06-0916 and CR2011-08-1235


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Ernst & Associates, David E. Ernst, 11 South Broadway, Suite 200, Lebanon, Ohio 45036, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Timothy Estes, appeals his conviction, sentence, and order of restitution in the Butler County Court of Common Pleas for one count of burglary.

{¶ 2} Estes was charged with multiple counts of burglary and theft, all contained within three separate indictments that corresponded to three separate case numbers in the common pleas court. Within Case No. CR2011-06-0910, Estes was charged with one count

of burglary. Within Case No. CR2011-06-0916, Estes was charged with single counts of burglary and theft. Within Case No. CR2011-08-1235, Estes was charged with four counts of burglary. Estes entered into a plea agreement with the state, and signed three separate plea forms specific to each indictment and case number. Estes pled guilty to the burglary charge in CR2011-06-0910, and the trial court sentenced him to two years in prison. Estes also pled guilty to the burglary charge in CR2011-06-0916, and the state agreed to merge the remaining theft charge in that case. The trial court then sentenced Estes to two years in prison. Estes pled guilty to four counts of burglary in CR2011-08-1235, and the state agreed to amend the burglary charges from second-degree felonies to third-degree felonies. The trial court sentenced Estes to two years for each of the four charges, but ordered that the four sentences be served concurrent with each other for a total aggregate sentence in CR2011-08-1235 of two years. The trial court then ordered Estes to serve the two-year sentences from each of the three cases consecutive to each other for a total aggregate sentence of six years. The trial court also ordered Estes to pay restitution to the victims of his crimes.

{¶ 3} Estes filed a brief with this court pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). After preforming an independent review, we determined that a possible issue existed regarding whether Estes actually pled guilty to count three of CR2011-08-1235 because the trial count did not ask Estes at the plea hearing what Estes' plea was regarding the third court in CR2011-08-1235. Counsel was appointed, and both Estes and the state filed briefs with this court. We now address Estes' single assignment of error.

{¶ 4} WHETHER THE COURT'S INADVERTENT FAILURE TO ORALLY, ON THE RECORD OBTAIN THE DEFENDANT'S PLEA RENDERS A LATER SENTENCE IMPOSED VOID, REQUIRING THAT IT BE STRICKEN FROM THE RECORD. [sic]

{¶ 5} Estes argues that his conviction for the third count within case CR2011-08-1235 is void because he did not enter an oral plea of guilty during the plea hearing.

{¶ 6} After the parties had negotiated the terms of Estes' plea agreement, the agreement was reduced to writing on three separate plea forms, one for each of the cases discussed above. On the plea form specific to CR2011-08-1235, each of the four counts are clearly listed, including the third count. Estes then signed the guilty plea form, in which he stated that he understood "the nature of these charges," and acknowledged the possibility that the trial court could run the sentences for the multiple charges consecutive to each other.

{¶ 7} During the plea hearing, the trial court specifically reviewed the three written plea forms, and asked Estes to confirm that he had personally signed each of the three forms. Estes also confirmed that he had read each plea form in its entirety, that he understood everything that he read, that all of his questions had been answered, and that he was satisfied with his counsel's representation.

{¶ 8} At the plea hearing, the trial court referenced the counts in CR2011-08-1235, and asked for Estes' pleas for count one and two. The trial court then skipped the third count, and instead asked for Estes' plea to the fourth count. Therefore, there is no oral guilty plea regarding the third count in CR2011-08-1235. Given the fact that Estes executed the written form to plead guilty to the third count within CR2011-08-1235, the question then becomes, is an oral plea required in addition to the written plea in order to make a guilty plea valid? We answer that question in the negative, and find that Estes' guilty plea was valid for count three in CR2011-08-1235.

{¶ 9} According to Crim.R. 11(A),

A defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest. A plea of not guilty by reason of insanity shall be made in writing by either the defendant or the defendant's attorney. *All other pleas may be made orally.* The pleas of not guilty and not guilty by reason of insanity may be joined. If a defendant refuses to plead, the court shall enter a plea of not guilty on behalf of the defendant.

(Emphasis added.) Therefore, a defendant is *permitted* to make his guilty plea orally, but is not required to do so, as "the criminal rule uses the word 'may' as opposed to 'shall.'" *State v. Straley*, 4th Dist. No. 09CA4, 2009-Ohio-6170, ¶ 11.

{¶ 10} In *Straley*, the defendant signed a written form indicating his desire to withdraw his not-guilty plea and enter a plea of guilty to the various charges in the indictment. The trial court failed to elicit an oral guilty plea from Straley as it related to the seventh count of Straley's multi-count indictment. Nonetheless, the Fourth District Court of Appeals determined that Straley's plea was valid in light of the fact that he signed a written plea that included the seventh count and because the trial court complied with Crim.R. 11(C) before accepting Straley's plea.

{¶ 11} We find *Straley* persuasive, and agree with the Fourth District that a defendant's guilty plea is valid should he enter a guilty plea to all charges in a written manner, and then receive a full colloquy according to Crim.R. 11(C) to ensure that the defendant's guilty plea was made knowingly and voluntarily.

{¶ 12} Estes does not contend that he received an inadequate Crim.R. 11(C) colloquy, and only argues that the lack of his oral pleading makes his conviction on count three void. Although Estes does not argue that the trial court failed to properly perform the Crim.R. 11(C) colloquy, a review of the record indicates that the trial court properly advised Estes of the nature of the charges and the maximum penalty involved, the effect of the plea, as well as all of the rights Estes was waiving by pleading guilty. The record indicates that Estes understood the consequences of his plea and understood what rights he was waiving. Therefore, we cannot say that Estes plea was anything but knowingly and voluntarily made.

{¶ 13} Moreover, the record indicates that references were made throughout the plea hearing to the third count in CR2011-08-1235 so that Estes had full notice that his plea included that charge. The state informed the trial court at the beginning of the plea hearing

- 4 -

that it had reached a plea agreement with Estes, and that in addition to guilty pleas in the other two cases, Estes would "be entering guilty pleas to four counts of felony three burglary" in CR2011-08-1235. During its recitation of the facts, the state expressly noted that count three within CR2011-08-1235 was specific to an offense that occurred on May 17, 2011 at a given address, and stated that Estes stole "a laptop, television set, jewelry box, and other miscellaneous jewelry." Estes then admitted to the facts as read, including those specific to the third count. Moreover, the trial court specifically found that Estes had pled guilty to "six counts of burglary," which would have included the third count in CR2011-08-1235.

{¶ 14} After reviewing the record, we find that Estes pled guilty to six counts of burglary, including the third count in CR2011-08-1235. Despite the fact that the trial court did not accept an oral guilty plea from Estes on the third count, Estes signed a written guilty plea form by which he pled guilty to the third count. The trial court's colloquy complied with Crim.R. 11(C), and the lack of an oral plea regarding the third count did not render Estes' conviction or sentence for that count void. As such, Estes' assignment of error is overruled.

{¶ 15} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.